UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JAMES DAVID GEORGE BURT,   No. 05-11568

Debtor(s).
_____/

Memorandum re Objection to Claim # 30
_____

Creditor David Wright, an attorney for the debtor before the bankruptcy was filed, has filed claim #30 in this case for $200,000.00. The Chapter 7 trustee, Timothy W. Hoffman, has objected to its allowance. The matter came on for evidentiary hearing on September 26, 2007.

The facts surrounding this case, as testified to by Wright, are highly unusual. The principal creditor in the case, Richard Dinihanian, had sued debtor James Burt (also know by an alias, Aeron Stedmann) in state court before bankruptcy and Wright was his first attorney in that matter. According to Wright, Burt ran up a legal tab to him of about $35,000.00, but only paid $15,000.00. Then, supposedly, they entered into a written agreement dated February 22, 2003, whereby Wright would receive a flat fee of $200,000.00 for all work in the case, past and future. According to Wright, he did hours and hours and hours of work for Burt after they reached this agreement, but was not paid anything further. He accordingly filed a claim for the $200,000.00.

Two facts are very extraordinary. First, while the court has seen flat fee attorney agreements before, it has never seen one where the flat fee was to be paid at some unspecified time in the future after

1

considerable work had been done and a lot more work was to be done, let alone without payment of an outstanding balance for fees already owing. Second, Wright has absolutely no time records or documentation whatsoever to show he did a minute of work

In addition, the trustee produced a witness who represented Burt in the Dinihanian matter after Wright. This attorney was retained normally, on an hourly basis, with a $25,000.00 retainer. Although Wright testified that he had spent many hours of his services dealing with boxes and boxes of discovery documents, the second attorney testified that she saw only a few inches of documents in the case. She also rebutted Wright's allegations of many hours spend in consultations.

Once an objecting party has produced enough evidence to rebut the presumption that a claim is valid, the creditor bears the ultimate burden of persuasion. *In re Southern California Plastics*, 165 F.3d 1243, 1248 (9th Cir. 1999). The trustee shifted the burden to Wright by demonstrating that he had no documentation for his time and producing evidence that the amount of discovery and consultation in the Dinihanian case was considerably less than represented by Wright. There has been no credible evidence produced by Wright that he put any time into the case at all. He has totally failed to come up with a credible explanation as to why he agreed to the unusual "flat fee in the future for work now" arrangement, or why he did not keep any time records in case his employment was terminated by Burt. Thus, he has not persuaded the court that he is owed anything for his services.

More fundamentally, the court is not convinced that the February 22, 2003, agreement attached to the complaint is genuine. Not only are Wright's explanations as to why he entered into it unconvincing, but the document bears a strong similarity to another document attached to support a different claim of another creditor which the court has disallowed due to suspicious circumstances. There are indications that Burt and some of his alleged creditors may be engaging in a conspiracy to reduce Dinihanian's ultimate dividend in the case by asserting baseless or trumped-up claims against the estate. The fact that these creditors are being represented by Burt's bankruptcy attorney is very troubling. While the court has only suspicions at this point, it notes that presenting false claims in a bankruptcy case is a serious crime pursuant to 18 U.S.C. §152(4).

For the foregoing reasons, the trustee's objection to claim #30 will be sustained. Counsel for the

2

1 trustee shall submit an appropriate form of order.

2

3 Dated: October 5, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

3